UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD WILLIAMS,

                    Plaintiff,                        Case No. 1:05-cv-327

v.                                                    Hon. Wendell A. Miles

GRAND RAPIDS HOUSING
COMMISSION,

                    Defendant.
_____/


OPINION AND ORDER

        Plaintiff, Donald Williams, proceeding without benefit of counsel, filed this case under

Title 42 U.S.C. § 1983 asserting violations of his constitutional rights of due process and equal

protection.  This matter is presently before the court on Defendant's Motion to Dismiss and/or

for Summary Judgment (Dkt. # 6), on the basis of res judicata.  Plaintiff filed a response to the

motion, and Defendant replied to the response.  For the reasons that following, the court grants

the Defendant's Motion to Dismiss.

Standard of Review

        In considering a Rule 12(b)(6) motion to dismiss, all factual allegations made by the

plaintiff are deemed admitted, and ambiguous allegations must be construed in the plaintiff's

favor. Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir.1997).  The court need

not accept as true any legal conclusions or unwarranted factual inferences. Morgan v. Church's

Fried Chicken, 829 F. 2d 10, 12 (6th Cir. 1987).  A complaint should not be dismissed under Rule

12(b)(6) " 'unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support

of his claim which would entitle him to relief.'" Lillard v. Shelby County Bd. of Educ., 76 F.3d

716, 724 (6th Cir.1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957)).

Background

On May 24, 2004, Plaintiff, Donald Williams ("Plaintiff"),  filed a complaint

commencing case number 1:04-cv-341.  Plaintiff voluntarily dismissed the case on May 27,

2004, and, on the same day, filed a second complaint which was assigned number 1:04-cv-352

(the "2004 case").  In both cases, Plaintiff named the Grand Rapids Housing Commission

("Defendant") as the sole defendant. Also in both cases, he raised due process and equal

protection claims based upon the allegation that the Defendant discriminates against single men

in its administration of the Section 8 Rental Assistance program.  Plaintiff is a single man.  He

alleged that in February 2002, he applied for a voucher for public housing and was informed by

Defendant's representative that it would take one year for his application to be approved. In June

2003, while he was at the Defendant's office he noticed six women with children in the lobby,

which caused him to suspect that Defendant gave women preferential treatment.  On May 12,

2004, Defendant's representative informed Plaintiff that Defendant issues vouchers to disabled

persons, women, and veterans before issuing vouchers to single men.  The representative also

informed Plaintiff that it would take three to four years before Plaintiff would receive a voucher.

The Court granted Defendant's Motion for Summary Judgment on March 31, 2005, finding that

the evidence established that Defendant's voucher program did not violate the equal protection

clause, or substantive or procedural due process.  The Court denied Plaintiff's motion for

judgment on the pleadings and two motions for summary judgment. Plaintiff did not appeal the

Court's decision.

Plaintiff filed the present case on May 12, 2005. The complaint in this case is virtually identical to the complaint Plaintiff filed in the 2004 case.   He again challenges the Defendant's administration of the Section 8 Rental Assistance Program, makes the same factual allegations, and claims Defendant has violated his due process and equal protection rights. Defendant filed its "Motion to Dismiss And/Or For Summary Judgment Of Defendant Grand Rapids Housing Commission In Lieu of Answer," and argues that this case is barred by the doctrine of res judicata.  Defendant also seeks "an injunctive order requiring Plaintiff to post bond to cover potential costs and attorney fees in the event he decides to file yet another lawsuit against the Housing Commission."

Plaintiff contends that Defendant's motion must be dismissed on procedural grounds for violating Federal Rule of Civil Procedure 7(a) by "disguising" a motion as a pleading.  He further argues that the requirements necessary to invoke res judicata are not satisfied. First, he states that the claims and the factual allegations in the earlier case and the present case are not identical:

> The factual allegations in the Action in 2004 Claim is: Defendant sexually discriminated against Plaintiff in and by depriving Plaintiff of a voucher or certificate to public housing in issuing vouchers or certificates to the disabled, women, and veterans before single men.
>
> The factual allegations in the Action in 2005 Claim is: Defendant removed Plaintiff from the voucher or certificate waiting list without notification and sexually discriminated against Plaintiff by sexual statements whose conduct was and is egregious and arbitrary. (Plaintiff's Opposition of Defendant's Motion, p. 5)

Secondly, he states that he did not have a full and fair opportunity to litigate the 2004 case because his motions to amend pleadings and to join additional parties were denied.

Discussion

Plaintiff believes it would be improper for the court to address Defendant's motion without first requiring Defendant to file an answer.  "Pleadings" are defined by the Federal Rules to include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer.  Fed. R. Civ. P. 7(a). Generally, a defendant must file an answer to a complaint within 20 days after being served. FED. R. CIV. P. 12(a)(1)(A). However, a defendant may assert the defense that the plaintiff has failed to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6), by motion rather than in a "pleading." FED. R. CIV. P. 12(b).   A motion making a 12(b)(6) defense "shall be made before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). If the court denies the motion to dismiss, the answer must be filed within 10 days after notice of the court's action.  FED. R. CIV. P. 12(a)(4)(A).  Accordingly, it was consistent with the Federal Rules of Civil Procedure for Defendant to file a Motion to Dismiss before it filed an Answer.

Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir.1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. Richards v. Jefferson County, 517 U.S. 793, 797 n. 4, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996);  Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn., 126 F.3d 849, 852 (6th Cir.1997).

Plaintiff does not, nor could he, deny that the 2004 case produced a final judgment on the merits, or that this case and the 2004 case are actions between the same parties.  In both cases he claims violations of his due process and equal protection rights, and in both cases the claims are

4

based upon the same factual allegations, with one exception.  In the present case Plaintiff alleges

that he was removed from the voucher list without notification.  However, because this alleged

action was taken well before Plaintiff filed his 2004 case, Plaintiff could have raised the claim in

the 2004 case. Thus, res judicata applies to all of Plaintiff's claims.

Even where all of the elements are present, res judicata does not apply if the party against

whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the

claims in the earlier case.  Haring v. Prosise, 462 U.S. 306, 313, 103 S. Ct. 2368, 76 L. Ed. 2d

595 (1983).  Plaintiff argues that because he was not permitted to amend his complaint or join

additional parties in the earlier case he did not have a "full and fair opportunity" to litigate his

constitutional claims.  Plaintiff wished to name "Ms. Sanders," who had initially advised him of

the long waiting list and "Ms. Johnson," who informed him of the Defendant's preference system

in administering the section 8 program.  The Court considered Plaintiff's motions, and

determined that the proposed amendment would be futile as the allegations failed to state a claim

against either person.  Even if Defendant's policies violated the Constitution, simply imparting

information does not deprive a person of their constitutional rights.  Interestingly, Plaintiff has

not named Ms. Sanders or Ms. Johnson as defendants in this case.  Contrary to Plaintiff's

assertion, he was not denied a full and fair opportunity to litigate his claims in the 2004 case.

Because res judicata is applicable and bars Plaintiff's claims against the Defendant, the court

must dismiss this action. [1]

---

[1] Generally, when ruling on a motion to dismiss for failure to state a claim under Rule
12(b)(6), the court may not consider any facts outside the pleadings.  Amini v. Oberlin Coll., 259
F. 3d 493, 502 (6th Cir. 2001).  However, the court may consider materials in addition to the
complaint without converting the motion to one for summary judgment if such materials are
public records, which is the case here.  New England Health Care Employees Pension Fund v.

Defendant contends it is entitled to an injunctive order that would require Plaintiff to file a bond in any future lawsuit he may bring against the Defendant alleging the same claims. Defendant cites Stewart v. Fleet Financial, No. 99-2282,  2000 WL 1176881 (6th Cir., August 10, 2000), for the proposition that the court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." Id.,  citing Feathers v. Chevron U.S.A., 141 F. 3d 264, 269 (6th Cir. 1998); Filipas v. Lemons, 835 F. 2d 1145, 1146 (6th Cir. 1987). The Feathers court recognized that there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." Id.  The court agreed with the Ninth Circuit that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims." Id., citing Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983) .

Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants.  See e.g., Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3, 113 S. Ct. 397, 121 L. Ed. 2d 305 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); Support Systems Int'l, Inc. v. Mack, 45 F. 3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).  Plaintiff voluntarily dismissed his first case against Defendant before service had been obtained. Defendant prevailed on summary judgment in the 2004 case, and six weeks after judgment had

---

Ernst & Young, 336 F. 3d 495, 501 (6th Cir. 2003).

been entered, Plaintiff filed the present case.  The court does not find that, at this juncture,

Plaintiff's actions rise to the level of prolific and vexatious litigation. See Feathers at 269

(issuing an injunction to "stanch the ongoing flow of meritless and repetitive" cases); Flilipas at

1146 (upholding district court's order that plaintiffs must have leave of court before filing any

further complaints where plaintiffs had filed "many" cases concerning the same automobile

accident); Sassower v. American Bar Association, 33 F. 3d 733 (7th Cir. 1994) (honoring

injunction from another district and imposing additional pre-filing restraints where plaintiff, a

disbarred lawyer, filed repetitive cases for over a ten year period against numerous defendants

including the alleged wrongdoers, the judges who decided the cases, and the legal publishers that

printed the decisions).  However, Plaintiff should take heed that any further attempts to sue this

Defendant or any other person or entity, on any theory,  based upon the factual situation alleged

in the 2004 case or this case, could cause the court to arrive at a different conclusion.

### Conclusion

    For the reasons discussed above, the court GRANTS the Defendant's Motion to Dismiss

and/or for Summary Judgment of Defendant Grand Rapids Housing Commission in Lieu of

Answer to the extent that this case is dismissed, but denies Defendant's request for an injunction.

So ordered this 5th day of August, 2005.


                                             /s/ Wendell A. Miles
                                             Wendell A. Miles
                                             Senior U.S. District Judge